UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARY DOMORACKI and
CHRISTIE DOMORACKI,

    Plaintiffs,

v.                                        Case No.:  2:25-cv-170-SPC-NPM

QBE SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court are Defendant QBE Specialty Insurance Company's Motion to Dismiss (Doc. 15), Plaintiffs Gary and Christie Domoracki's response (Doc. 18), and Defendant's reply (Doc. 24).  For the below reasons, the Court denies the motion.

This is an insurance dispute.[1]  Plaintiffs obtained a homeowner's insurance policy from Defendant.  (Doc. 3 ¶ 4).  Following Hurricane Ian, Plaintiffs submitted a claim for property damage.  (*Id*. ¶ 8).  Defendant issued a partial payment, but because the parties disagreed about the scope and amount of coverage, Plaintiffs demanded an appraisal.  (*Id*. ¶¶ 10–13). Months

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiffs.  *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

later, Plaintiffs discovered additional damage to their home and submitted a supplemental claim. (*Id.* ¶ 16). But Defendant did not adjust this claim. (*Id.* ¶ 17). Instead, it tried to refer the matter to the appraisal panel, which ultimately issued an appraisal award that did not consider the supplemental claim. (*Id.* ¶ 19). Despite Plaintiffs' repeated requests, Defendant has refused to adjust or provide coverage for the supplemental claim. (*Id.* ¶ 21). So Plaintiffs sue for breach of contract.

Defendant moves to dismiss the complaint because it "prematurely raises bad-faith issues disguised as a breach of contract claim." (Doc. 15 at 1). A first-party bad-faith action involves a claim in which an insured sues its own insurance company to recover extra-contractual damages for the improper denial of benefits. *See Citizens Prop. Ins. v. Manor House, LLC*, 313 So. 3d 579, 583 (Fla. 2021) (describing the Florida Statute § 624.155's framework for first-party bad-faith actions). And it is true that a bad-faith claim is premature until the underlying contractual claim has been resolved. *See Massey Constr. Grp., Inc. v. Hartford Ins. of the Midwest*, No. 2:19-CV-708-SPC-NPM, 2019 WL 5863897, at *2 (M.D. Fla. Nov. 8, 2019).

But Plaintiffs allege a breach-of-contract claim, not a bad-faith claim. *See Hill v. Bell S. Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) ("[I]t is well settled that the plaintiff is the master of its complaint."). They point to a specific contractual provision that Defendant allegedly breached. (Doc. 3

2

¶ 20). They do not seek extra-contractual damages. (Doc. 18 at 6–7). And they do not allege a breach of the implied warranty of good faith and fair dealing (a claim often dismissed as asserting bad faith). *See QBE Ins. v. Chalfonte Condo. Apartment Ass'n, Inc.*, 94 So. 3d 541, 549 (Fla. 2012).

According to Defendant, however, Plaintiffs effectively allege bad faith "claims handling conduct" because they rely on Defendant's failure to adjust their supplemental insurance claim. (Doc. 24 at 5). The Court disagrees. Reading the complaint in the light most favorable to Plaintiffs, they rely on Defendant's failure to adjust only to allege that it constructively denied coverage for their supplemental claim.[2] (Doc. 3 ¶ 22). They are not seeking damages to compensate them for the way Defendant handled their claim. And courts have allowed similar breach-of-contract claims based on an insured's failure to adjust and provide coverage. *See, e.g.*, *Garcia v. Am. Sec. Ins.*, No. 21-CV-23640, 2021 WL 5883003, at *4 (S.D. Fla. Dec. 13, 2021) (finding similar allegations sufficiently alleged a breach-of-contract claim and that any allegations sounding in bad faith could be objected to if raised at trial). Here, too, Plaintiffs have sufficiently alleged that Defendant breached their

---

[2] Defendant does not directly challenge Plaintiff's constructive denial theory. And some courts have recognized that a breach-of-contract claim becomes ripe once an insurer constructively denies an insurance claim. *See, e.g.*, *Magna Tyres USA, LLC v. Coface N. Am. Ins.*, No. 6:22-CV-2176-CEM-DCI, 2024 WL 5517084, at *4 (M.D. Fla. Aug. 26, 2024), *aff'd*, No. 24-13036, 2025 WL 1079428 (11th Cir. Apr. 10, 2025).

3

insurance policy and, construing the complaint in their favor, they do not assert premature bad-faith claims. The Court denies Defendant's motion. Accordingly, it is

    **ORDERED:**

    (1) Defendant's Motion to Dismiss (Doc. 15) is **DENIED**.

    (2) **On or before June 4, 2025**, Defendant must answer the Complaint (Doc. 3).

    **DONE** and **ORDERED** in Fort Myers, Florida on May 21, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record